09 CV 8066

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NYK BULKSHIP (ATLANTIC) NV,

                    Plaintiff,                  09 CV 8066 (JSR)

-v-

                                        **<u>VERIFIED COMPLAINT</u>**

ENTREPRISE GENERALE BATMENTS
TRAVAUX PUBLICS (EGBPT),

                    Defendant.
-----------------------------------------------------------X

RECEIVED SEP 21 2009 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff, NYK BULKSHIP (ATLANTIC) NV (hereinafter "NYK"), by its attorneys, CHALOS & CO, P.C., as and for their Verified Complaint against Defendant, ENTREPRISE GENERALE BATMENTS TRAVAUX PUBLICS (EGBPT) (hereinafter "EGBPT"), alleges upon information and belief as follows:

## JURISDICTION

      1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

      2.    At all times material hereto, Plaintiff, NYK, was and still is a foreign business entity duly organized and existing pursuant to the laws of Belgium, with a principal place of business at Antwerp Tower (15th Floor), de keyserlei 5 (bus 15) B-2018 Antwerpen, Belgium

      3.    At all times material hereto, Defendant, EGBPT, was and still is a foreign business entity duly organized and existing pursuant to the laws of Cameroon, with a principal place of business at PB 15985, Yaounde, Cameroon.

Chalos & Co Ref: 2016.017

## FACTS AND CLAIM

4. On February 16, 2009, NYK, as disponent owners of the vessel M/V SEABOXER II, and Startac Enterprises Ltd, as charterers, entered into a charter party agreement for the carriage of a cargo of bagged cement ("the cargo") from Antalya, Turkey to Douala, Cameroon.

5. The vessel loaded 24,999 metric tons of bagged cement at the port of Antalya, Turkey. On or about March 19, 2009, Bills of Lading were issued, and the vessel proceeded to Douala, Cameroon, where the cargo was to be discharged into the care of the receivers, Defendant, EGBPT.

6. Defendant, EGBPT, has failed, neglected and/or otherwise refused to make payments for the cargo, as per the sales invoice.

7. On or about May 14, 2009, Plaintiff, NYK, applied to the High Court in London for an Order to shift the vessel to Monrovia, as there was no space for discharge at the port of Douala. *See High Court Order, attached hereto as Exhibit 1.*

8. On or about May 22, 2009, the vessel arrived in the port of Monrovia, Liberia. Plaintiff, NYK, immediately took steps to find a buyer for the cargo.

9. On or about June 3, 2009, the High Court of London issued an Order to sell the cargo and pay the proceed into the Court Funds Office.

10. On or about June 4, 2009, Defendant EGBPT, wrongfully arrested the Vessel in the port of Monrovia, Liberia by order of the Civil Law Court, Sixth Judicial Circuit, Montserrado County. *See Arrest Order, attached hereto as Exhibit 2.*

11. Defendant had the vessel arrested on the basis that NYK wrongfully seized the cargo; the same cargo Defendant, EGBPT, have failed, neglected and/or otherwise refused to remit payment for.

12. At the time of the wrongful arrest Defendant had no claim based in law, equity, or admiralty against NYK to justify an arrest of the Vessel.

13. EGBPT acted in bad faith, with malice, and with reckless disregard of Plaintiff's rights in arresting the Vessel.

14. The wrongful arrest of the M/V SEA BOXER II has caused NYK to sustain significant losses and damages, including port costs, legal costs, and loss of freight value.

15. As a direct result of the wrongful arrest of the Vessel, the cargo suffered damages and a significant reduction in quality.

16. To date, the full extent of the damage to the cargo, and the reduction in quality, has yet to be fully determined and quantified. Plaintiff reserves its right to amend this Verified Complaint once the amount of damage to the cargo has been duly calculated.

17. The daily rate of hire for the vessel is USD $18,000.00.

18. The Vessel remained under wrongful arrest for approximately thirty (30) days. During this time hire of USD $18,000.00 accrued daily. Plaintiff's loss of hire damages are therefore presently estimated to be in an amount of not less than USD $540,000.00.

19. These damages and costs are a direct result of Defendant EGBPT's wrongful arrest of the Vessel.

20. Litigation on this matter is presently ongoing before Liberian Court, in Monrovia, Liberia.

21. This action is in aid of Liberian Civil Court Proceedings. Plaintiff seeks to obtain adequate security to satisfy a potential judgment in Plaintiff's favor and to obtain jurisdiction over Defendant EGBPT.

22. As best as can now be estimated, the Plaintiff, NYK expects to recover the following amounts in Liberian Civil Court proceedings from Defendant EGBPT:

| | | |
|---|---|---|
| A. | Principal claim: | $ 540,000.00 |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | $ 134,846.84 |
| C. | Estimated attorneys' fees and costs: | $ 150,000.00 |
| | **Total Claim:** | **$ 824,846.84** |

23. Therefore, NYK's total claim for wrongful arrest of the vessel against Defendant EGBPT is in the aggregate USD $824,846.84.

<u>BASIS FOR ATTACHMENT</u>

24. Defendant, EGBPT, cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

25. Defendant EGBPT are continuously engaged in international shipping and conduct business in U.S. Dollars. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

26. Defendant, EGBPT, is currently seeking buyers for the cargo in Cameroon, and, upon information and belief, the transaction for the sale of the cargo will be in United States Dollars.

27. All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

28. Plaintiff believes that some of these assets of Defendant, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including: ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, and Wells Fargo Bank.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos (*attached hereto as Exhibit 3*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of USD $824,846.84 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
September 21, 2009

                                           CHALOS & CO, P.C.
                                           Attorneys for Plaintiff
                                           NYK BULKSHIP (ATLANTIC) NV

By: _____
                                        George M. Chalos (GC-8693)
                                        123 South Street
                                        Oyster Bay, New York 11771
                                        Tel: (516) 714-4300
                                        Fax: (516) 750-9051
                                        Email: gmc@chaloslaw.com

# EXHIBIT 1

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

The Honourable Mr Justice Teare

AND IN AN ARBITRATION APPLICATION BETWEEN:

**NYK BULKSHIP (ATLANTIC) NV**

<u>Applicant/Disponent Owners</u>



and

**STARTAC ENTERPRISES INC**

<u>Defendant/Charterers</u>

IN THE MATTER OF AN ARBITRATION BETWEEN:

**NYK BULKSHIP (ATLANTIC) NV**

<u>Claimant/Owners</u>

and

**STARTAC ENTERPRISES INC**

<u>Respondent/Charterers</u>

mv "SEABOXER II" C/p dated 2/3/09

---

**ORDER**

---

**UPON HEARING** Counsel for the Claimant

**AND UPON READING** the witness statement of Soto Diamantis Skinitis dated 11th May 2009, the documents attached thereto and the Notices by e-mail dated 11th May, 12th May and 13th May sent by the Claimant's solicitors to the Defendants, the Norwegian Hull Club, SC DIS Ticaret STI and Entreprise Generale Batiments Travaux Publics, and upon noting (as stated to the Court by Counsel) the absence of any constructive response thereto

1

AND UPON the Claimant undertaking by Counsel to abide by any order this Court may make as to damages in case this Court shall hereafter be of the opinion that the Defendant shall have sustained any by reason of this order which the Claimant ought to pay; and

### IT IS ORDERED AND DIRECTED THAT

1. Pursuant to CPR 62.5(b) the Claimant be given permission to serve the Arbitration Claim Form, the skeleton argument and the documents attached thereto and this Order and any necessary translations of the same upon the Defendant out of the jurisdiction of this Court;

2. Pursuant to CPR 6.8 the Defendant be given permission to serve the documents at 1. above by an alternative method namely by service on the Defendant's P&I Club, the Norwegian Hull Club, and by e-mail to info@startacship.com,

### AND IT IS ORDERED AND DIRECTED THAT:

1. The Defendant give orders for the immediate discharge of the cargo presently laden on board the mv SEABOXER II.

2. If the Defendant has not complied with 1. above by 1600 hours on Friday 15th May 2009 then pursuant to section 44(2)(c)(i) of the *Arbitration Act* 1996 the Claimant shall be at liberty to take the cargo to Monrovia, Liberia and discharge it there into a bonded warehouse.

3. The aforesaid order and direction shall be without prejudice to the Defendant's obligations to pay freight, demurrage and expenses (to the extent that these may be due under the charterparty) and to the Claimant's lien on the cargo under the charterparty.

4. The Defendant be at liberty to apply on 6 hours notice to the Claimant's solicitors to vary or discharge this order.

AND THAT the costs of and occasioned by this application be costs in the arbitration

Liberty to the Defendant to apply on 6 hours' notice to the Claimant's Solicitors, Swinnerton Moore, London.

Dated this 14th day of May 2009.

2

# EXHIBIT 2

TERM, A.D. 2009

BEFORE HIS HONOR: PETER W. GBENEWELEH ...ASSIGNED CIRCUIT JUDGE

TO  : (1) The Management
National Port Authority

(2) The Commander
National Port Authority
United Nations Military Mission in Liberia (UNMIL)

---

**Entreprise Generale Batments Travaux
Publics (EGBPT)**, PB 15985, Yaounde,
Cameroon, represented by its Agent and
Legal Counsel, Sherman & Sherman Inc.,
By and thru its Managing Director,
Cllr. G. Moses Paegar, of the City of
Monrovia, Liberia................LIBELLANT)
)
VERSU )
)
**M/V "Sea Boxer II"**, )
presently berthed at the Freeport )
of Monrovia, represented by its )  ACTION TO RECOVER
Master Captain .................1ST LIBELLEE)  CHATTEL BY ATTACHMENT
)
AND )
)
Fouta Corporation, represented by )
all of its Corporate Officers, of the )
City of Monrovia, Liberia....2ND LIBELLEE)

GREETINGS:

The Civil Law Court for the Sixth Judicial Circuit, Montserrado County, has today issued a Writ of Attachment and a Writ of Summons in the above-entitled cause of action, to be served on the MV "SEA BOXER II", a vessel now berthed at the Free Port of Monrovia. The Writs were issued based upon the Libel of Entreprise Generale Batments Travaux Publics (EGBPT), PB 15985, Yaounde, Cameroon, represented by its Agent and Legal Counsel, Sherman & Sherman Inc., by and through its Managing Director, Cllr. G. Moses Paegar, of the City of Monrovia, Liberia, Libellant in the above-captioned proceedings, against the vessel, MV "SEA BOXER II", represented by its Master/Captain, for discharging 25,015.666 metric tons of cement consigned to Libellant, and, which was placed on board the 1st Libellee to be transported and delivered to Libellant in Younde, Republic of Cameroon.

In view of the foregoing, the undersigned has been instructed by His Honor Peter W. Gbeneweleh, Assigned Circuit Judge presiding over the June Term, A.D. 2009 of the Civil Law Court for the Sixth Judicial Circuit to request you to give the Marshall of the Honorable Supreme Court of Liberia or his Deputy(ies) the necessary cooperation and assistance to facilitate the service of the Writ of Attachment and the Writ of Summons on the MV "SEA BOXER II" and/or its Master/Captain, or any other Authorized Officer of said vessel.

Thanks for your usual understanding and cooperation in the premises.

Kind regards.



Ellen Hall
CLERK, CIVIL LAW COURT, SIXTH

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NYK BULKSHIP (ATLANTIC) NV.,

                                      Plaintiff,        09 CV

-v-                                                    **AFFIDAVIT OF**
                                                           **GEORGE M. CHALOS**
ENTREPRISE GENERALE BATMENTS
TRAVAUX PUBLICS (EGBPT),

                                      Defendant.
------------------------------------------------------------x

       This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff, NYK BULKSHIP (ATLANTIC) NV., in order to secure the issuance of a Summons and Process of Maritime Attachment and Garnishment in the above-entitled, in personam, Admiralty cause.

       Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.**, declares under the penalty of perjury:

       1.    I am a Member of the firm of CHALOS & CO, P.C., attorneys for Plaintiff in the above referenced matter.

       2.    I am familiar with the circumstances of the Verified Complaint, and I submit this declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of the defendant, ENTREPRISE GENERALE BATMENTS TRAVAUX PUBLICS (hereinafter "EGBPT"), pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

       3.    I have personally inquired or have directed inquiries into the presence of the defendant in this District.

       4.    I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have

determined that, as of September 21, 2009, the defendant is not incorporated pursuant to the laws of New York, and have not nominated any agent for the service of process within the Southern District of New York.

5. I have inquired of Verizon Telephone Company whether the defendant can be located within this District. The Verizon Telephone Company has advised me that the defendant does not have any telephone number listings within this District.

6. I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendant within this District.

7. I have engaged in a Google search as to whether the defendant can be located within this District. The Google search results did not provide any information that defendant is found in this District.

8. I am unaware of any general or managing agent(s) within this District for the defendant.

9. In that I have been able to determine that the defendant has not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendant can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendant does not have sufficient contacts or business activities within this District and do not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

10. It is my belief, based upon my own investigation that the defendant cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

11. In addition, Defendant, EGBPT, is duly organized and existing pursuant to the laws of Liberia. In Liberia, the U.S. Dollar is used alongside the Liberian Dollar as a nationally accepted currency.

12. Defendant, EGBPT, is a shipper continuously engaged in international shipping and conducts business in U.S. Dollars.

13. A voyage need not be to or from the United States for a vessel operator to transact business in United States Dollars. Standard practice in the international shipping industry is for payment due and owing on charter party agreements to be made in United States Dollars.

14. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the lingua franca of international commerce.

15. As set forth in the Verified Complaint, the Clearing House Interbank Payments System, whose member banks process electronic funds transfers through Federal Reserve Bank accounts in New York City, represents that its members process 95% of all international U.S. Dollars transactions.

16. Defendant, EGBPT, is currently seeking buyers for the cargo at issue in Cameroon, and, upon information and belief, the transaction for the sale of the cargo will be in United States Dollars.

17. Given the above facts and that Defendant is currently quite active in the international shipping market, it is expected that they will be originating funds in U.S. Dollars in the near future that will pass through banks in New York City.

18. Accordingly, Plaintiff respectfully requests that this Court issue an Order for Issuance of Process of Maritime Attachment and Garnishment, directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant, EGBPT's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount US$ 824,846.84 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Verified Complaint.

Dated: Oyster Bay, New York
September 21, 2009

By: _____

CHALOS & CO, P.C.
Attorneys for Plaintiff
NYK BULKSHIP (ATLANTIC) NV.

George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516)750-9051
Email: gmc@chaloslaw.com

Chalos & Co Ref: 2016.017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NYK BULKSHIP (ATLANTIC) NV.,
                          Plaintiff,                    09 CV

-v-                                                    **VERIFICATION OF**
                                                    **COMPLAINT**

ENTREPRISE GENERALE BATMENTS
TRAVAUX PUBLICS (EGBPT),
                          Defendant.
------------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, NYK BULKSHIP (ATLANTIC) NV., herein;

       2.      I have read the foregoing Verified Complaint and know the contents thereof; and

       3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Chalos & Co Ref: 2016.017

Dated: Oyster Bay, New York
       September 21, 2009

                                    CHALOS & CO, P.C.
                                    Attorneys for Plaintiff
                                    NYK BULKSHIP (ATLANTIC) NV.

By: _____
                                    George M. Chalos (GC-8693)
                                    123 South Street
                                    Oyster Bay, New York 11771
                                    Tel: (516) 714-4300
                                    Fax: (516) 750-9051
                                    Email: gmc@chaloslaw.com